UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMEL DALLUGE,<br><br>               Plaintiff,<br><br>  vs.<br><br>KIM NEWLAND,<br><br>               Defendant. | NO.  CV-06-363-RHW<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE<br><br>**1915(g)** |

    BEFORE THE COURT is Plaintiff's First Amended Complaint (Ct. Rec. 8). Plaintiff, a prisoner at the Grant County Jail, is proceeding *pro se* and *in forma pauperis;* Defendant has not been served. After review of the First Amended Complaint the court finds it fails to cure the deficiencies of the initial complaint.

    Plaintiff contends, while a pre-trial detainee, he was subjected to "cruel and unusual" punishment when Defendant Newland "trashed" his cell and removed items on November 8, 2005. Plaintiff seeks five million dollars in damages, a written apology, and other injunctive and declaratory relief. Plaintiff's allegations are insufficient to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A(b)(1),(2) and 1915(e)(2).

    A convicted inmate's challenge to the conditions of his confinement is evaluated under the Eighth Amendment, and a pretrial

ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE -- 1

detainee's challenge is evaluated under the Fourteenth Amendment. *Redman v. County of San Diego*, 942 F.2d 1435, 1440 (9th Cir.)(en banc), *cert. denied*, 502 U.S. 1074 (1992). Regardless, the Eighth Amendment provides a minimum standard of care for determining a person's right as a pretrial detainee. *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).

Under the Eighth Amendment, the pertinent inquiry is (1) whether the alleged violation constitutes an infliction of pain or a deprivation of the basic human needs, such as adequate food, clothing, shelter, sanitation, and medical care, and (2) if so, whether prison officials acted with the requisite culpable intent such that the infliction of pain is "unnecessary and wanton." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). In prison conditions cases, prison officials act with the requisite culpable intent when they act with deliberate indifference to the inmates' suffering. *Id.; Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Jordan v. Gardner*, 986 F.2d 1521, 1528 (9th Cir. 1993)(en banc). Similarly, conditions of confinement would constitute "punishment" in violation of the Fourteenth Amendment only if jail officials act with deliberate indifference to the inmates' needs. *Redman*, 942 F.2d at 1441-43.

The test for whether a prison official acts with deliberate indifference is a subjective one: the official must "know[] of and disregard[] an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Plaintiff's

ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE -- 2

allegations against Defendant Newland do not rise to the level of an Eighth Amendment violation.

Again, to the extent Plaintiff may be asserting he was deprived of his property, he fails to state a cognizable claim.  A claim of negligent or intentional unauthorized deprivation of property by state officials does not state a federal cause of action under § 1983 if the plaintiff has an adequate post-deprivation state remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor,* 451 U.S. 527, 544 (1981).  Washington law provides that prisoners, who believe that property of value belonging to them has been lost or damaged due to staff negligence, may file a claim pursuant to RCW 4.92.100. *See also* WAC 137-36-060.  Therefore, Plaintiff's remedy for a jail official's alleged negligent or intentional unauthorized acts is in state court.  Because Washington State provides Plaintiff an adequate post-deprivation state remedy, his § 1983 personal property claim lacks an arguable basis in law.

Finally, a prisoner may not bring a civil action for emotional or mental injury that he suffered while in custody without showing a physical injury. 42 U.S.C. § 1997e(e); *Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002).

For the reasons set forth above and in the Order to Amend or Voluntarily Dismiss Complaint, **IT IS ORDERED** the First Amended Complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are

ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE -- 3

Case 2:06-cv-00363-RHW    Document 10    Filed 05/04/07

dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915.  This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims**.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, forward a copy to Plaintiff at his last known address, enter judgment, and close the file.  The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.

**DATED** this 3rd day of May 2007.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE -- 4